IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY AUGUSTUS GARDNER,

    Petitioner,                  No. 2:10-cv-0142-WBS-JFM (HC)

    vs.

MIKE McDONAL,

    Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

          Petitioner is a state prisoner proceeding pro se and in forma pauperis with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner is serving a sentence of seven years to life in prison following his 1981 conviction, entered pursuant to a negotiated plea of guilty, on charges of first degree murder.  Petitioner raises two claims in the petition, filed January 19, 2010.  First, he claims that the California state courts denied petitions for writ of habeas corpus filed by petitioner without addressing his claim that the California Board of Parole Hearings (BPH) violated his plea agreement by not using guidelines to determine whether petitioner was suitable for parole.  Second, petitioner claims that the BPH violated his plea agreement by not setting a parole date for him in accordance with the requirements of California Penal Code § 3041.  Specifically, petitioner alleges that he has been incarcerated for

1  ten years longer than the "suggested Base term" of his commitment offense, in violation of his
2  plea agreement, and that the Board did not consider any of the post conviction credits he has
3  earned "which was also a part of the inducement for Petitioner pleading guilty." Petition at 7.
4  This matter is before the court on respondent's motion to dismiss for failure to state a federal
5  claim.
6        Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts
7  authorizes a judge to summarily dismiss a habeas petition "[i]f it plainly appears from the
8  petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district
9  court." Rule 4, 28 U.S.C. foll. § 2254.  Petitioner's first "claim" appears to be in essence a
10 contention that petitioner has exhausted state court remedies with respect to his second claim for
11 relief.  To the extent that it might be construed as more than a contention that he has exhausted
12 state court remedies it is not cognizable in this proceeding.  "As courts of original jurisdiction,
13 federal district courts have no authority to review the final determinations of a state court in
14 judicial proceedings. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482,
15 103 S.Ct. 1303, 1314, 75 L.Ed.2d 206 (1983); Worldwide Church of God v. McNair, 805 F.2d
16 888, 890 (9th Cir.1986)." Branson v. Nott, 62 F.3d 287, 291 (9th Cir. 1995).  Petitioner may not
17 separately seek relief in this proceeding for any alleged failure of a state court to adjudicate a
18 claim filed in state court.
19       The gravamen of petitioner's second claim is that the California Board of Parole
20 Hearings has failed to set a parole date for petitioner in accordance with the alleged requirements
21 of petitioner's plea agreement and state law.  A writ of habeas corpus is available under 28
22 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts.
23 See Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985).  It is unavailable for alleged error
24 in the interpretation or application of state law.  See id. at 1085; see also Lincoln v. Sunn, 807
25 F.2d 805, 814 (9th Cir. 1987).  Petitioner's claim is grounded in state law and is not cognizable
26 in this federal habeas corpus proceeding.  Moreover, the transcript of the plea agreement attached

to petitioner's opposition to the motion at bar shows that at the time petitioner entered his plea the trial court asked petitioner if he understood that he was "going to be sent to state prison for life", that "life means life except for what . . . the Parole Board decides to do with [him]", that such a decision was within the Board's "sound discretion", and that there was "absolutely no guarantee as to when [he was] going to get out." Ex. "I" to Petitioner's Opposition to Motion to Dismiss, filed May 28, 2010, at 6. Petitioner affirmatively stated that he knew each of those things. Id.

For the foregoing reasons, petitioner has not stated a claim that would entitled him to relief in this federal habeas corpus proceeding. Respondent's motion to dismiss should therefore be granted.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or a deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b). For the reasons set forth in these findings and recommendations, petitioner has not made a substantial showing of the denial of a federal constitutional right. Accordingly, no certificate of appealability should issue.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Respondent's April 2, 2010 motion to dismiss be granted;

2. This action be dismissed; and

3. The district court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen

1  days after being served with these findings and recommendations, petitioner may file written
2  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
3  Findings and Recommendations."  Any response to the objections shall be filed and served
4  within fourteen days after service of the objections.  Petitioner is advised that failure to file
5  objections within the specified time may waive the right to appeal the District Court's order.
6  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
7  DATED: September 17, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

12
gard0142.mtd